IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JASON CHARLES QUADE,                                CV. 10-1540-ST

        Plaintiff,                              ORDER TO DISMISS

    v.

OREGON SUPREME COURT, COLUMBIA
COUNTY COUNCIL, and COLUMBIA
COUNTY JAIL,

        Defendants.

BROWN, District Judge.

    Plaintiff, an inmate at the Columbia County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate order, the court has granted plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

///

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges Judge Steven Reed and prosecutor Dale Anderson, both of whom are non-parties to this suit, "crafted and allowed" plaintiff to be sentenced illegally in violation of the Eighth Amendment. He further claims the Columbia County Jail became an accomplice in this illegal sentencing in violation of the Eighth Amendment once they held him after August 10, 2010 and did not allow him participate in a work release program. He also alleges the Jail defamed his character when it informed his employer of his classification as a prisoner, thereby costing him his job.

According to plaintiff, he wrote to the Columbia County Council and asked it to intervene on his behalf. The Columbia County Council did not write back to him, thus plaintiff alleges the Council is an accomplice to his kidnapping in violation of the Eighth and Fourteenth Amendments and the defamation of his character. Plaintiff seeks $1,700 for every day he has been incarcerated beyond August 9, 2010.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, plaintiff's complaint must

contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Dismissal for failure to state a claim is proper if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because plaintiff is proceeding *pro se*, the court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## **DISCUSSION**

As an initial matter, plaintiff brings this civil rights action against only the three defendants listed in the caption of his Complaint: the Oregon Supreme Court (against whom plaintiff fails to state any kind of claim), the Columbia County Council, and the Columbia County Jail. Judge Reed and prosecutor Anderson are not named as defendants in the caption of the Complaint as required by Fed. R. Civ. P. 10(a), therefore plaintiff cannot state a claim against them. Even if he had properly identified these parties as

3 - ORDER TO DISMISS

defendants, they would be immune from this suit. *Mireless v. Waco*, 502 U.S. 9, 11 (1991) (judicial immunity); *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997) (prosecutorial immunity).

Plaintiff's claim that the Columbia County Jail and the Columbia County Council became accomplices to his allegedly illegal sentence fail because municipal entities are generally liable only for their constitutional deprivations that are the result of a policy or custom. *Monell v. Department of Social Servs.,* 436 U.S. 658, 690-91 (1978). In addition, plaintiff may not challenge the validity of his criminal conviction absent a showing that the conviction has been set aside. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997). Before plaintiff can bring a § 1983 damages action, he must first invalidate his confinement through a state court proceeding, or through a federal petition for writ of habeas corpus if he has exhausted his state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (habeas corpus is the proper mechanism to challenge legality of confinement, whereas § 1983 is the proper method to challenge the conditions of confinement).

Plaintiff's claims pertaining to the defamation of his character are state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction. Because plaintiff fails

4 - ORDER TO DISMISS

to state a proper federal claim for relief, the court declines to exercise supplemental jurisdiction over his claims of defamation.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's Complaint (docket #2) is DISMISSED for failure to state a claim. Because plaintiff is not able to cure the deficiencies in his Complaint through amendment at this time, the dismissal is without leave to amend, but without prejudice to plaintiff's right to re-file his Complaint against proper defendants should he successfully invalidate his criminal sentence in the future.

IT IS SO ORDERED.

DATED this __24th__ day of February, 2011.

                          /s/ Anna J. Brown
                             Anna J. Brown
                             United States District Judge